THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DENTAL PROFILE, INC., and<br>DENTIST, P.C.,<br><br>                Debtors. | Case Nos.: 08-17148, 08-17149<br>(JOINTLY ADMINISTERED)<br><br>Honorable Jacqueline P. Cox<br><br>Chapter 11 |

## NOTICE OF MOTION

TO:    See attached service list.

      PLEASE TAKE NOTICE that on **February 23, 2010 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, a hearing on the attached **CREDITOR MENDEZ'S MOTION FOR SANCTIONS** will be heard before the Honorable Judge Jacqueline P. Cox, Bankruptcy Judge at 219 S. Dearborn, Room 619, Chicago, Illinois, or before any other bankruptcy Judge sitting in her stead.

                                    *s/Dana L. Kurtz*

                                      Dana L. Kurtz, Esq. (6256245)
                                      KURTZ LAW OFFICES, LLC
                                      414 South State Street
                                      Lockport, Illinois 60441
                                      Telephone:  815.838.0968
                                      Facsimile:  312.893.2239
                                      E-mail: dkurtz@kurtzlaw.us

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>DENTAL PROFILE, INC., *et al*<br><br>Debtors. | Case No.: 08-17148<br><br>Honorable Jacqueline P. Cox<br>Chapter 11 |

**CREDITOR MENDEZ'S MOTION FOR SANCTIONS**

Pursuant to 11 U.S.C. § 105(a) and Rule 9011 of the Federal Rules of Bankruptcy Procedure, Creditor Nereida Mendez, through her undersigned counsel, respectfully moves this Court to impose sanctions against the Debtors, Dr. Aldairi, and the Debtors' counsel.  In support of this Motion, Creditor Nereida Mendez states as follows:

1. Dr. Husam Aldairi ("Aldairi") is the owner, sole shareholder, and person in control of the debtors, Dental Profile, Inc. and Dentist. P.C. (the "Debtors").  Aldairi has been designated as the responsible person under Fed. R. Bankr. P. 9001(5).  (Docket 218.)

2. Dana L. Kurtz ("Kurtz") is a licensed attorney in the state of Illinois.  Ms. Kurtz is the founder and owner of Kurtz Law Offices, Ltd. located in Will County at 414 South State Street, Lockport, Illinois, 60441, and counsel of record for Nereida Mendez herein.

3. Nereida Mendez ("Mendez") is an individual residing in Cook County, Illinois.  Mendez filed a lawsuit against the Debtors for egregious sexual harassment

and retaliation, among other claims. (*Mendez v. Perla Dental/Dental Profile, Dentists P.C. and Dental Profile, Ltd.*, Case No. 04 C 4159 (N.D. Ill.) (hereinafter referred to as "the Federal Lawsuit"). On April 27, 2007, Mendez obtained a judgment of $781,181.25 against the Debtors in the United States District Court for the Northern District of Illinois for sexual harassment and retaliation in violation of Title VII, and for intentional infliction of emotional distress and retaliatory discharge under Illinois law, as well as for violations of Illinois and federal labor laws. (*See* 4/27/07 Order, attached hereto as Exhibit 1.) Mendez is also entitled to attorneys' fees and costs, and interest on the judgment in the federal law suit; Mendez's motion for attorneys' fees and costs was stayed before the District Court because Debtors filed for bankruptcy. The District Court made note that the conduct of the Debtors and Dr. Aldairi at trial was "reprehensible" and "unquestionably illegal and objectionable." (*See* 3/26/08 Order, attached hereto as Exhibit 2.)

4. Mendez is a creditor of the Debtors, holding a partially secured claim in the amount of $978,287.80, as of October 31, 2008, plus interests, costs, and fees. Mendez's claim has been reduced to judgment against the Debtors.

5. On April 26, 2007, immediately following the jury's verdict and during a court recess, Dr. Aldairi stated to his counsel, intentionally loud enough so that Mendez's counsel could hear him, that he needed a good bankruptcy attorney. The clear intent of such statement was to suggest to Mendez and her counsel that Dr. Aldairi was going to file for bankruptcy to evade collection of the judgment in this case. (*See*

2

Kurtz Declaration, attached hereto as Exhibit 3.) The Debtors did not deny that Dr. Aldairi made this statement before the District Court.

6.  Mendez issued citations to discovery assets to various banks holding funds for the Defendant Debtors.

7.  Immediately upon receipt of the citations to discover assets, on July 2, 2008, the Debtors filed a voluntary petition for bankruptcy with this Court under Title 11, Chapter 11. (Docket 1, Voluntary Petition.) Since the filing of these bankruptcy cases (which were consolidated), the Debtors and Dr. Aldairi have done nothing to further the reorganization of their business, have stalled Mendez and her counsel from acquiring necessary information, and have willfully and continuously failed to honor this Court's orders concerning the disclosure of information. On June 15, 2009, Mendez, through Ms. Kurtz, filed a Motion for Rule to Show Cause and Contempt. (Docket 54.) A copy of that Motion is attached hereto as Exhibit 4 and incorporated herein by reference. Mendez's Motion is scheduled to be heard on March 3, 2010.

8.  On January 12, 2010, this Court entered an order dismissing the above-styled case and barring the Debtors from refiling for bankruptcy relief under any Chapter of the Bankruptcy Code for two years. (Docket 217.) Prior to entering the order, the Court held a hearing on the U.S. Trustee's Motion to Dismiss. During that proceeding, this Court noted that "there's been no disclosure of information" in this case, (Tr. 41:19-21, attached hereto as Exhibit 5) and highlighted the Debtors' "continuing failure and refusal" to disclose or produce records and information (Tr.

3

33:1-5). This Court further stated that "cooperative people have intent to organize" but that "this debtor has no intention of organizing," that "[t]his debtor is just delaying," and that the bankruptcy filing was "just a delay tactic." (Tr. 43:9-17.) In its decision to dismiss the Debtors' petition for bankruptcy, this Court concluded:

> The purpose of bankruptcy is to help honest debtors to make a fresh start. I cannot say that those ideals are present in this case. This debtor refuses to cooperate with any of the court processes consistently. There's just – there are – there's no intent to reorganize. Confirmation has been denied. There's no cooperation. The debtor is not taking this process seriously. The only purpose of filing bankruptcy is to delay the collection of the judgment from creditor Mendez. I accept [the U.S. Trustee's] position. I'm going to grant the motion. I will dismiss this case.

(Tr. 50:6-18.)

9. In an order filed January 12, 2010, this Court designated Dr. Aldairi as the responsible person under Fed. R. Bankr. P. 9001(5). (Docket 218.)

10. Mendez now moves for sanctions under 11 U.S.C. § 105(a) and under Fed. R. Bankr. P. 9011 ("Rule 9011") because the petition was filed for the improper purpose of delaying a creditor from enforcing her rights and was an abuse of the bankruptcy process. Mendez requests that she be reimbursed for all attorneys' fees and costs incurred by her during the pendency of the Debtors' bankruptcy case, in the total amount of $151,868.85,[1] (plus any additional fees and expenses up to the date of the

---

[1] This total includes the fees and expenses that Creditor Mendez has requested as attorneys' fees in her Motion for Rule to Show Cause and Contempt and for required appearances to present and prosecute those Motions. Should this Court enter a separate Order requiring the Debtors to pay Mendez's attorneys' fees related to the Motion for Rule to Show Cause and Contempt, the total requested in this Motion for sanctions would be reduced by the amount awarded on the contempt hearing.

4

ruling on this motion) to be assessed against the Debtors, Dr. Aldairi, and the Debtors' counsel, Paul M. Bach. In addition, Mendez requests that the Debtors' counsel and Aldairi's counsel be disgorged of attorneys' fees accepted during the pendency of this bankruptcy petition.

11.  Bankruptcy relief is limited to the honest but unfortunate debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *In re Collins*, 250 B.R. 645, 657 (Bankr. N.D. Ill. 2000). It is intended to give a fresh start in life to "certain insolvent debtors," so they can "reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of a preexisting debt.'" *Grogan*, 498 U.S. at 286-87 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)). Bankruptcy relief "is not intended to allow the clever and determined rich an opportunity to slip away from a single, disfavored creditor." *Collins*, 250 B.R. at 657. In this Court's decision to dismiss this case, the Court found that the Chapter 11 petition was filed solely to delay Creditor Mendez from collecting on her judgment. (Tr. 43:9-17, 50:6-18.) Thus, the conduct of the Debtors and their counsel, along with Dr. Aldairi as the responsible person, is subject to sanctions under Rule 9011 and under 11 U.S.C. § 105(a).

<u>Sanctions under Fed. R. Bankr. P. 9011</u>

12.  A federal court may retain jurisdiction after the dismissal of a case for the limited purpose of adjudicating litigation pursuant to Fed. R. Civ. P. 11 ("Rule 11") or Rule 9011. *In re American Telecom Corp.*, 319 B.R. 857, 862 (Bankr. N.D. Ill. 2004) (J., Cox);

5

*see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Motions on Rule 9011 sanctions are "core" proceedings over which bankruptcy courts have referred jurisdiction under 28 U.S.C. § 157(a)-(b)(2)(A) and § 1334(b). *American Telecom*, 319 B.R. at 862.

13. A basic purpose of Rule 9011 is to deter baseless filings and filings for an improper purpose or delay. *Cooter*, 496 U.S. at 393. Rule 9011 provides in pertinent part as follows:

> (b) Representations to the court
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed. R. Bankr. P. 9011(b)(1).

14. Rule 9011(c) authorizes the bankruptcy court to impose sanctions for violations of Rule 9011(b). *American Telecom*, 319 B.R. at 867. Rule 9011 is "essentially identical" to Rule 11 and Rule 11 precedents may be applied to make decisions under Rule 9011. *Collins*, 250 B.R. at 659. Although Rule 9011, like Rule 11, includes a "safe harbor" clause allowing a movant to withdraw an objectionable pleading, Rule 9011 expressly excludes the filing of a bankruptcy petition from the "safe harbor" provision. *Id.*

6

15. A signature on a paper presented to the court is a certification that the paper has not been presented for any improper purpose. Fed. R. Bankr. P. 9011(b)(1); *Collins*, 250 B.R. at 662. This "improper purpose" clause is directed at abusive litigation practices and encompasses papers filed to cause unnecessary delay, to increase litigation costs, or to harass. *American Telecom*, 319 B.R. at 872. In determining whether a paper has been submitted for an improper purpose, inquiry must be made into why the petitioner pursued the litigation. *Collins*, 250 B.R. at 661. Direct evidence of motive, purpose, and reasoning is hard to come by at hearings, forcing courts to look at objectively ascertainable circumstances that support an inference that the nonmovant's purpose for filing a paper was improper. *American Telecom*, 319 B.R. at 872.

16. In *American Telecom*, the judgment creditor sought to be reimbursed for the legal work its attorney performed in response to the debtor's voluntary petition, arguing that the bankruptcy petition was filed for the purpose of hindering and delaying the creditor from collecting on its judgment. *Id.* at 862-63. This Court stated that it was important that it had essentially decided that the bankruptcy petition was filed for an improper purpose when it issued its dismissal ruling. *Id.* at 872. In making the decision to dismiss the bankruptcy petition, this Court had already concluded that the case, "having no discernable relationship to any true bankruptcy policies, had been used as a litigation tactic to frustrate and delay" the debtor's opponent. *Id.* at 872-73. "It would be inconsistent to backtrack and now say that the debtor's purpose in filing the case was consistent with the intended purposes of the Bankruptcy Code." *Id.* at 873.

7

This Court concluded that the debtor and its attorney violated Rule 9011(b)(1) by filing its bankruptcy case to delay, frustrate, and cause expense to the creditor. *Id.* at 873.

17. Similar to *American Telecom*, this Court's finding in dismissing Debtors' bankruptcy essentially decided that the Debtors' bankruptcy petition was filed for an improper purpose. *See id.* at 872. Just as in *American Telecom*, this Court concluded that the ideals and purpose of bankruptcy are not present in this case. *See id.*; (Tr. 50:6-9.) Specifically, this Court stated that the Debtors "[have] no intention of reorganizing," that "there [are] no bankruptcy objectives involved," and that the filing of the bankruptcy petition "is just a delay tactic." (Tr. 43:9-19.) In reaching its decision to dismiss the case, this Court concluded that the Debtors are "not taking this process seriously," and that their "only purpose of filing bankruptcy is to delay the collection of the judgment from creditor Mendez." (Tr. 50:13-16.) Thus, this Court essentially decided that the bankruptcy petition was filed for an improper purpose. *See American Telecom*, 319 B.R. at 872. "It would be inconsistent to backtrack and now say that the [Debtors'] purpose in filing the case was consistent with the intended purposes of the Bankruptcy Code." *See id.* at 873.

18. In addition, the Debtors' improper purpose is evident based on Aldairi's statement immediately following the jury's verdict in the federal lawsuit. During a court recess and after the verdict was read, Dr. Aldairi stated to his counsel, intentionally loud enough so that Mendez's counsel could hear him, that he needed a good bankruptcy attorney. The clear intent of such statement was to suggest to Mendez

8

and her counsel that he was going to file for bankruptcy to evade collection of the judgment. (*See* Kurtz Declaration.) The Debtors did not deny that Dr. Aldairi made this statement before the United States District Court. Thus, this provides further evidence that the bankruptcy petitions were filed with the improper purpose of causing Mendez delay in collecting on her judgment. *See American Telecom*, 319 B.R. at 872-73.

19. Because the bankruptcy petition was filed for the improper purpose of delay, sanctions are appropriate against the Debtors, their counsel, and Dr. Aldairi. *See Collins*, 250 B.R. at 660-61 (finding that the debtor may be sanctioned as well the debtor's attorney because the petition was filed on the debtor's behalf and under his direction for the sole purpose of using the bankruptcy system to remain a wealthy man while frustrating a judgment creditor's collection efforts). All signatories to a voluntary petition, including bankruptcy counsel and a corporate debtor's president, subject themselves to Rule 9011. *American Telecom*, 319 B.R. at 875. Dr. Aldairi should be personally sanctioned because he signed the voluntary petition, is the President of the corporation, and is the designated responsible person under Fed. R. Bankr. P. 9001(5). (Docket 1, Voluntary Petition; Docket 218.) In addition, the Debtors' counsel, Paul M. Bach, signed the voluntary petition and is subject to sanctions under Rule 9011. (Docket 1, Voluntary Petition); *see American Telecom*, 319 B.R. at 875 (stating that bankruptcy counsel subjects themselves to Rule 9011 and that the attorney signing the document is usually the person against whom the sanction should be assessed). Thus, Mendez seeks

9

to have sanctions assessed against the Debtors, Dr. Aldairi, and Paul M. Bach joint and severally.

20. Among this Court's arsenal of sanctions pursuant to Rule 9011 are an award of attorneys' fees and costs to the sanctioned party's opponent, an order to disgorge fees paid to the sanctioned attorney, fines payable to the court clerk, an injunction prohibiting specific types of future filings, mandatory legal education, stricken pleadings, referrals to disciplinary bodies, and reprimands that are on or off the record. *American Telecom*, 319 B.R. at 873. In determining the appropriate sanction, the court should consider the expenses that the creditor incurred and the multiple Rule 9011 purposes of punishment, deterrence, and compensation. *Id.*

21. Sanctions under Rule 9011 are designed to make the prevailing party on the motion whole or to put that party in the position it would have been had the petition never been filed. *See American Telecom*, 319 B.R. at 874 (citing *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 939 (7th Cir. 1989)). The most common sanction in the Seventh Circuit has been an award of costs or attorney's fees because the compensatory, punitive, and deterrent goals of Rule 9011 are easily combined with this type of sanction. *See American Telecom*, 319 B.R. at 874.

22. In this case, the appropriate sanction to return Mendez to her position immediately prior to the Debtors' Chapter 11 filing is to grant her an award of attorneys' fees and expenses incurred as a direct result of the voluntary petition. *See id.* at 874. The total amount of such fees and expenses totals $151,868.85. (*See* Itemization

10

of Fees and Expenses, attached hereto as Exhibit 6[2/].) This amount is reasonable given the length of the process due to the Debtors' delay and given the Debtors' "continuing failure and refusal" to disclose or produce records and information. *See American Telecom*, 319 B.R. at 874-75; (Tr. 33:1-5.) In addition, Mendez requests that the Debtors' counsel, Paul M. Bach, and Aldairi's counsel, Cindy Johnson, be disgorged of all fees paid to each of them as a sanctioned attorney based on the filing of a voluntary petition and appeal for the improper purpose of delaying Mendez from collecting on her judgment. *See American Telecom*, 319 B.R. at 873.

Sanctions under 11 U.S.C. § 105(a)

23. This Court retains jurisdiction over this Motion for Sanctions pursuant to 11 U.S.C. § 105(a) because it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). *In re Carl F. Semrau D.D.S., Ltd.*, 356 B.R. 677, 688-89 (Bankr. N.D. Ill. 2006) (stating that bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11 and that a motion for sanctions under 11 U.S.C. § 105(a) is a core proceeding for which bankruptcy courts have subject matter jurisdiction).

24. Section 105(a) of the Bankruptcy Code grants broad powers to bankruptcy courts to implement the provisions of Title 11 and to sanction conduct that abuses the

---

[2/] The itemized fees and expenses have been redacted to protect attorney work product privilege.

Case 08-17148   Doc 228   Filed 02/12/10   Entered 02/12/10 16:16:39   Desc Main
          Document      Page 13 of 17

bankruptcy process. *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997). Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (West 2010). Section 105(a) confers both statutory and inherent authority upon bankruptcy courts. *Collins*, 250 B.R. at 656. This Court may use its statutory authority under § 105(a) to sanction the Debtors, their counsel, and Dr. Aldairi as the representative person, if it finds that they have abused the judicial process. *See id.* at 656-57.

25. When a bankruptcy filing is motivated by a desire to delay a creditor from enforcing its rights, the filing is a sanctionable abuse of the judicial process. *Id.* at 657; *see Hendrix v. Page*, 986 F.2d 195, 201 (7th Cir. 1993). In *Collins*, the court found that § 105(a) sanctions were appropriate where the debtor filed its Chapter 7 bankruptcy petition solely to thwart a creditor from collecting on its judgment. 250 B.R. at 657. Specifically, the court stated that, after litigating for several years and losing on the merits, the debtor "wanted to take his marbles and go home before the game was over. He didn't want to play anymore and he tried to use the bankruptcy system . . . to call the game." *Id.* at 657-58. The debtor "made a unilateral decision" not to pay the large judgment and "attempted to cram it down [the creditor's] throat using the bankruptcy

12

system." *Id.* at 658. Such a filing was an abuse of the bankruptcy process that clogged the docket and caused the creditor to expend substantial time and effort to resist it. *Id.* As such, sanctions were imposed to punish the debtor and his attorneys for intentionally abusing the judicial process in an unreasonable and vexatious manner. *Id.*

26. Just as in *Collins*, sanctions are appropriate in this case because the Debtors filed the bankruptcy petition solely to thwart Creditor Mendez from collecting on her judgment. *See id.* at 657. In reaching its conclusion to dismiss the case, this Court expressly stated that the Debtors were "not taking this process seriously" and that their "only purpose of filing bankruptcy is to delay the collection of the judgment from creditor Mendez." (Tr. 50:13-16.) Similar to *Collins*, the Debtors "made a unilateral decision" not to pay the large judgment awarded to Mendez and tried to use the bankruptcy system to delay collection on that judgment. *See id.* at 658. On April 26, 2007, immediately following the jury's verdict, Dr. Aldairi stated to his counsel, intentionally loud enough so that Mendez's counsel could hear him that he needed a good bankruptcy attorney. (*See* Kurtz Declaration.) The clear intent of such statement was to suggest to Mendez and her counsel that he was going to file for bankruptcy to evade collection of the judgment in this case. The Debtors did not deny that Dr. Aldairi made this statement before the United States District Court. Immediately following receipt of citations to discover assets to various banks, in which the banks began holding funds contained in the Debtors' accounts, the Debtors then filed a voluntary petition under Chapter 11, but had no intent to reorganize and consistently refused to

13

honor this Court's orders and processes. (Tr. 50:10-14.) Because the Debtors' bankruptcy filing was motivated by a desire to delay Creditor Mendez from enforcing her rights, the filing is an abuse of process. *See Collins*, 250 B.R. at 657. Such a filing has clogged this Court's docket and has caused Creditor Mendez to expend substantial time, money, and effort to resist it. *See id.* at 658. Just as in *Collins*, sanctions should be imposed jointly and severally to punish the Debtors and their attorney for intentionally abusing the judicial process in an unreasonable and vexatious manner. *Id.* Similarly, sanctions should be personally imposed to punish Dr. Aldairi as the responsible person, as well as his counsel. *See* Fed. R. Bankr. P. 9001(5); (Docket 218); *In re Burkman Supply, Inc.*, 217 B.R. 223, 228 (Bankr. W.D. Mich. 1998) (imposing sanctions personally against a person designated as the responsible party pursuant to Fed. R. Bankr. P. 9001(5)).

27.    Sanctions under § 105(a) may be used to punish litigants and attorneys for an abuse of the judicial process. *Volpert*, 110 F.3d at 500. Section 105(a) grants statutory authority to impose "necessary and appropriate" sanctions for an abuse of process. 11 U.S.C. § 105(a); *Volpert*, 110 F.3d at 500. The Seventh Circuit has stated that a bankruptcy court may impose attorney's fees as sanctions against those who abuse the judicial process and that such sanctions are necessary in order to protect the integrity of the Bankruptcy Code as well as the judicial process. *Volpert*, 110 F.3d at 500-501. In this case, the bankruptcy filing was an abuse of the judicial process; therefore, the sanctions necessary and appropriate to punish the Debtors, their counsel, and Dr. Aldairi, and to prevent an abuse of process would be to reimburse Creditor Mendez for all attorneys'

fees and costs incurred by her to resist the bankruptcy filing, in the total amount of $151,868.85, plus any additional fees and expenses up to the date of the ruling on this motion. *See id.*

WHEREFORE, for the above stated reasons, Creditor Mendez prays that this Court enter an order imposing as sanctions the attorneys' fees and costs incurred by Mendez in resisting the bankruptcy filing, in the amount of $151,868.85, plus any additional fees and expenses up to the date of the ruling on this motion, assessed against the Debtors, Dr. Aldairi, and counsel for the Debtors, Paul M. Bach, and disgorgement of fees accepted by Paul M. Bach and Cindy Johnson, and for other such relief that is just and equitable.

          Respectfully submitted,

          *s/Dana L. Kurtz*

          _____
          Attorney for Creditor

Dana L. Kurtz, Esq. (6256245)
KURTZ LAW OFFICES, Ltd.
414 South State Street
Lockport, Illinois  60441
Phone:  815.838.0968
Facsimile:  312.893.2239
E-mail:  dkurtz@kurtzlaw.us

15

## CERTIFICATE OF SERVICE

      I, Dana L. Kurtz, Attorney, state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the above Notice of Motion together with a copy of the **CREDITOR MENDEZ'S MOTION FOR SANCTIONS** on all persons identified as Registrants on the service list below was accomplished through the Court's Electronic Notice for Registrants on February 12, 2010.

                                                s/*Dana L. Kurtz*

                                                Dana L. Kurtz

**Service List**

Paul M Bach on behalf of Debtor Dental Profile. Inc.
paul@bachoffices.com, pnbach@bachoffices.com;sandra@bachoffices.com

Cindy M. Johnson on behalf of Interested Party Aya dental, Ltd.
cjohnson@jnlegal.net, dnewby@jnlegal.net

Mitchell Elliot Jones on behalf of Creditor Patterson Dental Supply, Inc., a Minnesota corporation
mej@joneslaw.org

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Stephen G Wolfe on behalf of U.S. Trustee William Neary
USTPRegion11.es.ecf@usdoj.gov, steve.g.wolfe@usdoj.gov;jennifer.r.toth@usdoj.gov